UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 25, 2019

LETTER TO COUNSEL

RE: *Constellation NewEnergy, Inc. v. MaxGen Energy Services Corp.*;
Civil No. SAG-19-2017

Dear Counsel:

Plaintiffs Constellation NewEnergy, Inc. and California PV Energy, LLC (collectively "Plaintiffs") have sued Defendant MaxGen Energy Services Corporation, f.k.a. True South Renewables, Inc. ("Defendant" or "MaxGen"), alleging negligence and breach of contract arising out of damage to solar panels located in Ontario, California. ECF 1. MaxGen has filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) and *forum non conveniens*, ECF 13, which Plaintiffs have opposed. ECF 14. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, MaxGen's motion will be DENIED.

Plaintiffs' breach of contract claim arises out of the "Blanket Subcontract for Energy Projects and Services" ("the Subcontract") executed by the parties and attached as an exhibit to Plaintiffs' Complaint. ECF 1-1. The Subcontract included, in two express provisions, clauses evidencing the parties' mandatory choice of forum to resolve disputes. In section 16.0, entitled "Waiver of Jury Trial," the parties agree that all "claims, counterclaims, or defenses" arising under or relating to the Subcontract "shall be heard by a judge of a court of competent jurisdiction in Maryland, without a jury." *Id.* ¶ 16.0. Similarly, in Section 14.0, entitled "Governing Law," "[t]he parties consent to the exclusive venue and jurisdiction in the courts located in Baltimore, Maryland for any claim arising hereunder unless the dispute involves the Customer as a party and the Contract Documents provide for a different venue." *Id.* ¶ 14.0. The language used in those provisions, including the words "shall" and "exclusive," reflect the parties' express intent that the choice of forum be mandatory, not discretionary. *See, e.g., Davis Media Group v. Best Western Int'l, Inc.*, 302 F.Supp.2d 464, 467 (D. Md. 2004) (listing cases finding "shall" to indicate a mandatory clause).

Mandatory choice of forum clauses, like other express contractual provisions, should not be treated as meaningless. *Davis Media Group*, 302 F.Supp.2d at 467-68. In fact, mandatory choice of forum clause are enforced, unless they are unreasonable. *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10 (1972). The presumptively valid clauses are only unreasonable if "(1) their formation was induced by fraud or overreaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum'; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the

forum state." *Allen v. Lloyd's of London*, 94 F. 3d 923, 928 (4th Cir. 1996) (internal citations omitted). MaxGen has not established (or even attempted to establish) the unreasonableness of the mandatory choice of forum clauses in the Subcontract under those standards. Instead, MaxGen propounds traditional arguments regarding the relative convenience of Plaintiffs' chosen forum, as opposed to its preferred venue in California. Even if the mandatory choice of forum clauses in the Subcontract did not control, MaxGen's arguments about the relative convenience of California are unpersuasive. While some of the relevant witnesses are located in California, others are located in Maryland. *See, e.g.*, ECF 14 at 7 (explaining that inspections were performed at the site by a Maryland company, and that expert witnesses will be Maryland-based). Plaintiffs' in-house counsel is located in Maryland. Other than the distance between California and Maryland, which can be bridged by air travel, there would be no significant practical impediments to trying the case in either venue. Moreover, the federal courts in both jurisdictions have heavy caseloads, and there is no particular public interest factor dictating a result other than that contractually agreed by the parties.

Ultimately, in the absence of any showing that the mandatory choice of forum clauses in the parties' Subcontract are unreasonable, they must be enforced. MaxGen's motion, ECF 13, is therefore DENIED.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge